JOHN TIUMALU and ULUTOLU TIUMALU, Defendants/Appellants,
v.
DOUGLAS O. CRADDICK, Plaintiff/Appellee.

High Court of American Samoa
Appellate Division

AP No. 4-84

April 9, 1985

Before GARDNER, Chief Justice, Presiding, KING* and HEEN,** Acting Associate Justices, TAUANU'U, Chief Associate Judge and LUALEMAGA, Associate Judge.

Counsel: For the appellants, Sagapolutele & Ward by Aitofele Sagapolutele
        For the appellees, Douglas O. Craddick and William Reardon

HEEN, J.

Defendants John and Ulutolu Tiumalu appeal from the judgment below granting injunctive relief to Plaintiff Douglas O. Craddick.

The action had its genesis in a complaint for temporary and permanent injunction against Vaivao M. Fruean (Vaivao) and members of the Vaivao family. Vaivao is the matai of the Vaivao family. The complaint requested (1) that Vaivao and members of his family be enjoined from continuing to construct a building on a portion of the land Lotopesega in the village of Pago Pago; (2) that defendants be required to remove that portion of the building which is on the land in question; (3) that defendants be permanently enjoined from further trespassing and building on the land. Craddick claims ownership of the land in fee simple under a quitclaim deed executed in California. Vaivao's motion to dismiss was denied and an amended complaint was filed joining the Tiumalus as defendants. The trial court permanently enjoined all defendants from trespassing on Craddick's land and ordered them to remove the construction within thirty days. Vaivao took no active part in the defense of this case and is not a party to this appeal.

The dispositive question is whether the Tiumalus can defend against Craddick's claim of ownership on the ground that the land is the communal or aiga land of the Vaivao family. We answer no and affirm.

The matter of "standing" is normally discussed in regard to an individual's right to bring legal action, although it is also related to a party's right to appeal. We see no reason, however, why that concept should not apply to the Tiumalus' defense. We hold that the unique relationship between the matai and the aiga land, together with A.S.C.A. section 43.1309, deprive the Tiumalus of the defense they seek to make. If the disputed land is aiga land of the Vaivao family, and Tiumalu does not claim otherwise, then pule over it is vested in Vaivao.

By tradition the matai is vested with pule over the aiga land for the general welfare of the aiga members. See Poumele v. Ma'ae 1 A.S.R.2d 5 (1980). In Poumele, however, the high court held that a matai could delegate certain of his functions to be performed by family members, including in that case, authority to survey portions of the aiga land and to bring an action to try its title.

In 1981, presumably in response to Associate Justice Murphy's stirring and scholarly dissent in Poumele, the Fono enacted legislation stating that the sa'o is the only person authorized to bring a suit for injunction in a dispute over communal or aiga land. A.S.C.A. sec. 43.1309.

It follows from the traditional authority of the matai over the aiga land and from A.S.C.A. section 43.1309 that, in any case in which title to land is disputed, a claim that the land is aiga land may only be made, whether offensively or defensively, by the sa'o of the family in whose name the claim is made.

As stated above, the Tiumalus' defense is that the land in question is aiga land of the Vaivao family. That claim may be made only by Vaivao. Vaivao has not interposed that defense and has not appealed from the judgment below. Tiumalu has not presented this court with any other valid basis for overturning the judgment.

Affirmed.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of Interior.